# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

CRAIG SHEETS,                                )
      Plaintiff,                          )      C.A. NO. N14C-03-010 VLM
                                             )
          v.                              )
                                             )
QUALITY ASSURED, Inc., d/b/a                 )
SERVICE MASTER OF                            )
BRANDYWINE VALLEY, Inc.,                     )
      Defendant,                          )

## MEMORANDUM OPINION

Submitted: June 9, 2014
Decided: September 30, 2014

*Upon Consideration of Defendant's Motion*
*For Judgment on the Pleadings,* **DENIED**

Kevin William Gibson, Esquire, Gibson & Perkins PC, Wilmington, DE, Attorney for Plaintiff.

Joseph Scott Shannon, Esquire, and Artemio C. Aranilla Jr., Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, DE, Attorneys for Defendant.

**MEDINILLA, J.**

## I. INTRODUCTION

This action, brought by Plaintiffs Craig and Valerie Sheets ("Plaintiffs"), arises from a series of allegedly negligent events that began when Waterseal, Inc. ("Waterseal") applied mold and mildew retardant to their home. Defendant Quality Assured, Inc. ("Defendant") was hired by Plaintiffs' homeowner's insurance to remediate the effects of the original Waterseal application. Alleging that Defendant's remediation efforts were negligent, plaintiffs filed suit.[1] The parties entered into settlement negotiations. Plaintiffs allege that the parties reached a settlement on all claims, and brought suit to seek enforcement of said agreement. In response, Defendant asserts that the alleged settlement agreement is unenforceable as a matter of law and moves for Judgment on the Pleadings. Because it is necessary to look outside the pleadings to resolve disputed issues in this case, the motion is **DENIED**.

## II. FACTUAL AND PROCEDUAL BACKGROUND

In January 2006, Waterseal applied waterproofing to Plaintiffs' home in an allegedly negligent manner. Waterseal's insurance carrier sub-contracted with Defendant to remediate the effects of the purported damages caused by Waterseal. Plaintiffs allege that Defendant's efforts actually made the problem worse.

---

[1] For reasons that are not germane to the current motion, the Plaintiffs were unable to pursue claims directly against Waterseal.

In March, 2012, Plaintiffs' counsel instituted settlement negotiations with Michael Spear ("Spear"), a claims representative for Defendant's insurance carrier. On September 19, 2012, following oral negotiations, the following email exchange occurred between Spear and Plaintiffs' counsel:

> **From**: Spear, Michael
> **Sent**: Wednesday, September 19, 2012 11:14 AM
> **To**:    Kevin Gibson
> **Subject**:    Sheets
> *20k – offer good until COB on 9/26/12*

> **From**: Kevin Gibson
> **Sent**: Thursday, September 20, 2012 3:08 PM
> **To**:    'Spear, Michael'
> **Subject**:    RE: Sheets
> *Accepted.  Do you want me to do the Release?*

Plaintiffs' counsel drafted a release, which included signature blocks to release the claims of Plaintiffs' three children.  Spear responded and advised Plaintiffs' counsel that the Plaintiffs would need to file a Rule 133 petition in order to enable the Court to approve the settlement of the minors' claims.  Plaintiffs' counsel disagreed, stating that (1) the settlement agreement did not include the children; and (2) Plaintiffs did not want to incur the additional expenses associated with a Rule 133 Petition.

On May 22, 2013, Plaintiffs filed an action against Defendant in the Delaware Court of Chancery seeking specific enforcement of the settlement

agreement. The Court of Chancery determined that the relief sought by Plaintiffs was not equitable in nature and dismissed the action on February 26, 2014, with leave for Plaintiffs to refile in this Court.

On March 3, 2014, Plaintiffs initiated the instant action. On April 1, 2014, Defendant filed an Answer and moved for Judgment on the Pleadings. After consideration of the written and oral arguments of the parties, the Court finds that Judgment on the Pleadings is not appropriate for the reasons set forth below.

## III. PARTIES' CONTENTIONS

Defendant argues that the email exchange between the parties was not a contract because (1) it lacked the necessary material terms; (2) there was no meeting of the minds, and (3) the contract was not supported by valid consideration. Specifically, the "20k offer" stated in the e-mail was ambiguous as to whether it covered the parents' claims, the children's claims, or both.[2] As such, the parties never agreed upon what claims were covered by the "offer." Defendant

---

[2] Defendant's Opening Brief at 11 (citing Complaint at ¶17). Defendant notes that there are inconsistencies in the Complaint and the Release drafted by Plaintiffs' counsel. Defendant asserts that settlement negotiations collapsed because of disagreement over whether the children had viable personal injury claims. While the Complaint and Release purport to release Defendant from liability for those potential claims, Plaintiffs concede that the children never suffered personal injury, and that such a claim was never covered in the agreement. Because this argument requires consideration of matters outside the pleadings, this Court reserves comment until it is properly presented.

argues that, absent those material terms, the email exchange cannot constitute a bargained-for exchange of consideration reflecting a meeting of the minds.

Plaintiffs claim that the e-mail exchange represents the parties' agreement to release Defendant of all liability with respect to the negligent mold remediation of Plaintiffs' home. Plaintiffs argue that the children's claims were never at issue, and thus never discussed during settlement negotiations.[3] Accordingly, no material terms were lacking because the parties understood what "20k offer" meant at the time of the email exchange. Plaintiffs therefore oppose the motion for Judgment on the Pleadings and argue an enforceable agreement existed between the parties.

## IV. STANDARD OF REVIEW

A party may move for judgment on the pleadings after the pleadings are closed, but within such time as not to delay trial.[4] For purposes of considering a motion for judgment on the pleadings, all facts and reasonable inferences must be construed in favor of the non-moving party.[5] "A motion for judgment on the pleadings should be granted if the movant establishes that, based on the pleadings, there are no material issues of fact and that he is entitled to judgment as a matter of

---

[3] In support, Plaintiffs have submitted a letter from a doctor indicating that their children have suffered no personal injury as a result of the negligent remediation. *See* Plaintiffs' Response at 9. To the extent that extrinsic evidence must be considered before this Court decides the merits of this case, consideration is reserved until the record is more fully developed on this issue.
[4] *Del. Super. Ct. Civ. R.* 12(c).
[5] *Silver Lake Office Plaza, LLC v. Lanard & Axilbund, Inc.,* 2014 WL 595378, at *6 (Del. Super. Jan. 17, 2014).

4

law."[6]  If the allegations in the pleadings show a dispute of material fact, the motion should not be granted.[7]

## V.    DISCUSSION

Under Delaware law, contract formation is a question of fact.[8]  Three elements are necessary to prove the existence of an enforceable contract (1) the intent of the parties to be bound by it; (2) sufficiently definite terms; and (3) consideration.[9]  Unless it falls within the ambit of the Statute of Frauds, an oral agreement is perfectly enforceable so long as these elements are proven by a preponderance of the evidence.[10]  A contract is formed when it is reasonable to conclude, based on the objective manifestations of assent and the surrounding circumstances, that the parties intended to be bound to their agreement on all essential terms.[11]    To determine whether a contract was formed, overt

---

[6] *Wilmington Sav. Fund Soc., F.S.B. v. Meconi*, C.A. 89L-MR-25-1-MT, 1989 WL 124888 (Del. Super. Oct. 3, 1989) (citation omitted).

[7] *Atlantic Millwork Corp. v. Harrington,* 2002 WL 31045223, at *1 (Del. Super. Sept. 12, 2002).

[8] See *Universal Products Co. v. Emerson*, 179 A. 387 (Del. 1935) (charging the jury to find whether a contract was formed based on the parties' communications); *Chrysler Corp. v. Quimby*, 144 A.2d 123, 132 *adhered to on reh'g*, 144 A.2d 885 (1958) ("[W]hether in any particular case involving oral negotiations it is 'clearly understood' that the proposed contract is tentative . . . is a question for the jury.").

[9] *Carlson v. Hallinan*, 925 A.2d 506, 524 (Del. Ch. 2006) *opinion clarified*, CIV.A. 19808, 2006 WL 1510759 (Del. Ch. May 22, 2006) (citation omitted).

[10] Restatement (Second) of Contracts § 4 (1981).

[11] *Schwartz v. Chase*, 2010 WL 2601608 (Del. Ch. June 29, 2010) (internal citations omitted).

manifestations of assent, and not subjective intent, control the result.[12]   When construing the meaning of an oral contract, a Court must therefore look to surrounding circumstances and the parties' course of dealing in order to ascertain their intent.[13]

Viewing the facts in a light most favorable to Plaintiff as the non-moving party, this Court finds that it is reasonable to conclude that the parties had come to a mutual understanding about the resolution of Plaintiffs' claims when Defendant extended an email with the "20k offer."  The parties agree that the email was sent after protracted settlement negotiations.  It was specific enough to include a date and time when the "offer" would lapse.  There are material questions of fact as to the context of the email exchange that require resolution before this Court can rule on the enforceability of the contract as a matter of law.

The parties' briefing and oral argument focused heavily on the adequacy of the email exchange as a complete integration of the alleged settlement agreement. This Court notes that "an agreement to settle a lawsuit, voluntarily entered into, is

---

[12] *Loppert v. WindsorTech, Inc.*, 865 A.2d 1282 (Del. Ch. 2004) *aff'd sub nom. Windsortech, Inc. v. Loppert,* 867 A.2d 903 (Del. 2005).
[13] *Carlson*, 925 A.2d at 524.

binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing."[14] Under Delaware law,

> Where all the substantial terms of a contract have been agreed on, and there is nothing left for future settlement, the fact, alone, that it was the understanding that the contract should be formally drawn up and put in writing, did not leave the transaction incomplete and without binding force, in the absence of a positive agreement that it should not be binding until so reduced to writing and formally executed.[15]

If material facts concerning the existence or terms of an agreement to settle are in dispute, courts should not summarily enforce a settlement agreement absent an evidentiary hearing.[16]

In the instant case, whether an enforceable contract is a material question of fact that, at this juncture, must be decided on the merits. While Defendant relied solely on the email exchange between the parties, the pleadings give rise to a reasonable inference that an oral agreement to settle their dispute existed between them. Therefore, the email exchange was merely a partial integration of that agreement.

---

[14] *Rohm and Haas Elec. Materials, LLC v. Honeywell Intern., Inc.*, 2009 WL 1033651, at *4 (D.Del.2009) (quotations and citation omitted).

[15] *Loppert v. WindsorTech, Inc.*, 865 A.2d 1282, 1287 (Del. Ch. 2004) *aff'd sub nom. Windsortech, Inc. v. Loppert*, 867 A.2d 903 (Del. 2005)

[16] See *Maya Swimwear Corp. v. Maya Swimwear, LLC*, 855 F. Supp. 2d 229, 234 (D. Del. 2012) (quoting *Garabedian v. Allstates Eng'g Co.*, 811 F.2d 802, 803 (3d Cir.1987)).

## VI. CONCLUSION

Based on the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is **DENIED**.

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Judge Vivian L. Medinilla

cc: Prothonotary